United States District Court
Southern District of Texas
**ENTERED**
March 13, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEISA RAMOS § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-17-2156 |
| § | |
| SELECT PORTFOLIO SERVICING, INC., § | |
| AMERICA'S WHOLESALE LENDER, § | |
| THE BANK OF NEW YORK MELLON § | |
| F/K/A THE BANK OF NEW YORK AS § | |
| TRUSTEES ON BEHALF OF CWABS, § | |
| IND., ASSET-BACKED CERTIFICATES § | |
| SERIES 2004-1, § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge, upon referral from the District Judge, is The Bank of New York Mellon F/K/A The Bank of New York as Trustees on Behalf of CWABS, Inc. Asset-Backed Certificates Series 2004-1's ("Trustee"), and Select Portfolio Servicing, Inc.'s ("SPS")(collectively "Defendants"), Motion for Summary Judgment and Brief in Support (Document No.6).  Having considered the Motion, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion for Summary Judgment be GRANTED.

I.  Background and Undisputed Facts

On July 2, 2017, Plaintiff, Leisa Ramos ("Ramos"), filed her Original Complaint in the 61st Judicial District Court of Harris County, Texas, Cause No. 2017-44003 ("the "State Court Action"). (Document No. 1-4, Exhibit C-1).  Plaintiff's State Court Action relates to a foreclosure sale scheduled for July 4, 2017 of property located at 6314 Pleasant Stream, Katy,

Texas 77449 ("Property."). (Document No. 1-4, Exhibit C-1, p. 25).

In her Complaint, Plaintiff alleges that, on or about October 23, 2003, she and her ex-husband, Anatoly Ramos, purchased the Property and executed a Deed of Trust and Promissory Note made payable to original lender America's Wholesale Lender ("AWL") and its assigns for $123,600.00, plus interest. (Original Complaint at 3). Plaintiff states that, due to divorce, she was awarded the Property as her sole and separate property, but fell behind in her payments because her ex-husband failed to "live up to his obligations under the temporary orders/agreement;" because she had been diagnosed with cancer; and because she had to care for special-needs children. (Original Complaint at 4). Ramos further alleges that, on or about June 26, 2017, she entered into a contract for the sale of the property to a real-estate investor for the sum of $133,934.18, which she states would have been sufficient to pay off the loan. (Original Complaint, at 4). Ramos alleges that, on June 26, 2017, she contacted SPS and requested a reinstatement quote to prevent foreclosure. Ramos alleges that the "servicer indicated that the amount needed to reinstate the note would not be prepared prior to the date of the foreclosure." (Original Complaint, at 5). Plaintiff alleges claims of breach of contract, declaratory relief and injunctive relief. (Original Complaint, at 7-10). On July 13, 2017, Defendants timely removed the case to this Court on the basis of diversity jurisdiction. (Document No. 1). Defendants have filed a motion for summary judgment, arguing that Ramos is not entitled to relief on any of her claims as a matter of law. (Document No. 6).

II. Undisputed Facts

The Plaintiff failed to make her November 1, 2015, mortgage payment and has made no further payments. (Document No. 6, Exhibit 1-Affidavit of Mark Syphus). On December 21,

2015, SPS sent, by certified mail, a notice of Plaintiff's default, along with an intent to accelerate the amounts due under the Note. (Document No. 6, Exhibit 1-C). On January 18, 2017, Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for AWL assigned the Deed of Trust to Defendant Trustee.  The assignment is recorded in the Harris County Property Records under filing No. RP-2017-39433.  (Document No. 6, Exhibit 1-D). Trustee executed a Limited Power of Attorney that appointed SPS as mortgage servicer for the Loan.  (Document No. 6, Exhibit 1 and Exhibit 1-E).   As noted above, Plaintiff requested the reinstatement quote from SPS on June 26, 2017, (Document No. 1-4, p. 5), but Trustee noticed the Property for a foreclosure sale on July 4, 2017.  (Document No. 1-4, Exhibit C).  But on July 14, 2017, SPS sent to Plaintiff, via email to Plaintiff's counsel, a letter with the Reinstatement Quote and Payoff Statement. (Document No. 6, Exhibit 2, p. 9-11, Exhibit 2A, and Affidavit of Michael F. Hord, Jr.).

III.  Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).   The substantive law governing the claim at issue determines which facts are material.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over a material fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party."  *Id.* at 250.  "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).  The moving party bears the burden of identifying evidence that no genuine issue of material fact exists. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986), and the court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.  *See Matsushita Elec.*

*Indus.Co. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986).  Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; the movant does not have to support its motion with evidence negating the case.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  If the movant succeeds, the nonmovant can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact, *see Anderson*, 477 U.S. at 248-49, but that evidence need not be in a form that would be admissible at trial.  *See Celotex*, 477 U.S. at 324.

The Magistrate Judge has considered the documents attached to Defendants' Motion (Document No.6, Exhibits 1, 1-A-1E, 2, 2-A).  Because Plaintiff is pro se, the undersigned has given consideration to the exhibits attached to Plaintiff's Response to the Motion for Summary Judgment, including Plaintiff's Affidavit, Offer to Purchase Real Estate, Notice of Foreclosure, and Reinstate Quote.  With the exception of the Offer to Purchase Real Estate, the exhibits were either attached to the Original Complaint or attached as exhibits to Defendants' Motion for Summary Judgment.

IV.  Discussion

    A.  Plaintiff's Claim for Breach of Contract

Plaintiff contends that Defendants breached the Deed of Trust and Texas Property Code § 51.002 by failing to timely provide the reinstatement quote, which she requested more than five days prior to the foreclosure sale on July 4, 2017.

Under Texas law, a purported breach of a deed of trust, is considered a breach of contract claim.  *Caprock Inv. Corp v. Montgomery*, 321 SW3d 91, 95-96 (Tex. App-Eastland 2010, pet. denied).  To establish a claim for breach of contract, plaintiff must establish: (1) the existence of

a valid, enforceable contract; (2) she performed or tendered performance; (3) defendant breached the contract; and (4) defendant's breach caused plaintiff's damages.  *Valero Mktg. & Supply Co. v. Kalama Int'l.*, 51 S.W. 3d 345, 351 (Tex. App.–Houston [1st Dist.] 2001, no pet.).  Defendants contend that Plaintiff cannot assert a breach of contract based on the purported breach of the Deed of Trust.

The undisputed summary-judgment evidence establishes that the mortgage is in default. There is no evidence that Defendants did anything to prevent Plaintiff from meeting her obligations under the Note and Deed of Trust. "A party to a contract who is . . . in default cannot maintain a suit for its breach." *Villareal v. Wells Fargo, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016)(quoting *Dobbins v. Redder*, 785 S.W.2d 377, 378 (Tex. 1990)).  As for Plaintiff's claim that Defendants breached the Deed of Trust and Texas Property Code 51.002(b)  by failing to timely calculate the amount required to reinstate the loan, the Deed of Trust states, in pertinent part:

> 19.  Borrower's Right to Reinstate After Acceleration.  If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred: (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender:  (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check,

> provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration has occurred.  However, this right to reinstate shall not apply in the case of acceleration under Section 18.

The summary-judgment evidence demonstrate that the Defendants notified the Plaintiff of the right to reinstate in the Notice of Default and Intent to Accelerate,  The Deed of Trust does not explicitly require Defendants to calculate the reinstatement figure.  *See Bejjani v. Willington Trust Co.*, No. H-10-2727, 2011 WL 3667569, at *3 (S.D.Tex. Aug. 22, 2011)("Under the deed, the defendants are required to notify the plaintiff of his right to reinstate, but they are not required to calculate the reinstate figure for him, much less send him that calculation within three business day."); *Karapetyan v. JPMorgan Chase Bank, N.A.,* No. 4:10-cv-536, 2012 WL 3308883, at *7 (E.D.Tex. June 6, 2012); *Verdin v. Federal National Mortgage Ass'n,*, No. 4:10-cv-590, 2012 WL 13005976, at *6-7 (E.D.Tex. May 7, 2012), aff'd 540 Fed. Appx. 253 (5th Cir. 2013); *Johnson v. JPMorgan Chase Bank, N.A.*, No. 4:12cv285, 2013 WL 2554415, at *9 (E.D.Tex. June 7, 2013), aff'd 570 Fed. Appx. 404 (5th Cir. 2014); *Anderson v. CitiMortgage, Inc.,* No. 4:13cv369, 2014 WL 2983366, at *5-6 (E.D.Tex. July 2, 2014). Thus Plaintiff's claim that Defendants' breached the Deed of Trust for failing to timely provide a Reinstatement Quote fails as a matter of law.

To the extent that Plaintiff attempts to bring an independent cause of action under the Texas Property Code § 51.002, the law is clear that "[t]he Texas Property Code does not provide an independent cause of action." *James Bridges and Janet Burtzlaff-Trustee v. The Bank of New York Mellon*, Civ. No. H-17-1429, 2018 WL 836061, at *10 (S.D.Tex. Feb. 12, 2018)(citing *Rucker v. Bank of America, N.A.*, 806 F.3d 828, 830 n.2 (5th Cir. 2015)("Although the Texas

Supreme Court has not decided this issue, the federal district courts that have addressed it seem to conclude that Section 51.002(d) does not intend an independent private cause of action.") and *Ashton v. BAC Home Loans Servicing, L.P.*, Civil Action No. 4:13-810, 2013 WL 3807756 at *4 (S.D.Tex. July 19, 2013)("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages."). Thus Plaintiff's claim under § 51.002 should be dismissed because it fails as a matter of law.

As for Plaintiff's claim that the Deed of Trust did not permit MERS to assign the mortgage, and therefore any assignment is void, the Fifth Circuit has ruled otherwise. The Fifth Circuit has "repeatedly upheld MERS assignment of mortgages to other entities" because under Texas law MERS "qualifies as a mortgagee." *Van Dozer v. U.S. Bank Nat'l Ass'n*, 582 F. App'x 279, 282 (5th Cir. 2014)(citing *Martins v. Bac Home Loans Servicing, LP,* 722 F.3d 249, 255 (5th Cir. 2013). Under Texas law, either a mortgagee or mortgage servicer may foreclose on a property. *Martins*, 722 F.3d at 255. A mortgage servicer is "the last person to whom the mortgagor has been instructed by the current mortgagee to send payment for the debt secured by a security instrument." Tex.Prop.Code § 51.0001(3). There is no additional requirement that the mortgagee or mortgage servicer also be the owner or holder of the mortgage note. *Martins*, 722 F.3d at 254; *Epstein v. U.S. Bank Nat. Ass'n*, 540 F.Appx. 354, 356 (5th Cir. 2013 ("Under Texas law, a mortgagee or mortgage servicer is permitted to foreclose on a house without holding the note."); *Reece v. U.S. Nat. Ass'n*, 762 F.3d 422, 425 (5th Cir. 2014)("Our Court has expressly recognized that MERS may assign a deed of trust to a third party and that such assignments confer the new assignee standing to non-judicially foreclose on property associated with that particular deed of trust."); *Bellforest Trust v. U.S. Bank, Nat'l Ass'n for JP ALT 2006-S1*, No. 4:17-CV-1586, 2018 WL 706467, at *2 (S.D.Tex. Feb. 5, 2018). Here, the undisputed summary

judgment evidence demonstrates an unbroken chain of title from the original lender through MERS's assignment to Trustee. While Trustee was not the lender that entered into the original loan with Plaintiff, the associated Note and Deed of Trust was assigned to Trustee via the assignment from MERS. Plaintiff has not alleged, and can not allege, given the unbroken chain of title, that she was a party to the Assignment, an agent or assignee of a party or a third party beneficiary of the Assignment. As such, Plaintiff lacks standing as a matter of law to challenge MERS's assignment of the Deed of Trust to Trustee.

### B. Declaratory relief

Plaintiff seeks a determination of the rights, status or legal relations existing between the parties with regard to the Property. (Original Complaint, Document 1-4, p. 8). Defendants seek dismissal of this claim on the basis that such a claim cannot survive when all the substantive claims have been dismissed. Under Texas law, a declaratory-judgment claim cannot stand alone; instead, the "Texas Uniform Declaratory Judgments Act, Tex.Civ.Prac.& Rem.Code Ann. § 37.001 et. seq. (Vernon 1986), is merely a procedural device; it does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996)(citing the Texas Uniform Declaratory Judgments Act). The Declaratory Judgment Act, which authorizes a federal court to "declare the rights and other legal relations of any interested party seeking such declaration," is merely a procedural device and does not create any substantive rights or causes of action. *See* 28 U.S.C. § 2201(a); *Harris Cty., Tex. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir..2015). Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive. *See Ayers v. Aurora Loan Serv., L.L.C.*, 787 F. Supp. 2d 451, 457 (E.D.Tex. 2011)(dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *Valdez v.*

*Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1363, 2011 WL 7068386, *3 (N.D.Tex. Nov. 28, 2011)(where Plaintiff failed to state a claim for trespass and to quiet title, Plaintiff's claims for declaratory and injunctive relief were also subject to dismissal under Rule 12(b)(6)); *James v. Wells Fargo Bank, N.A.*, No. 3:11-CV-2228-B, 2012 WL 778510, *4(N.D.Tex. Mar. 12, 2012)(dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged"). Because, as discussed above, Plaintiff's substantive claims should be dismissed, her claim for declaratory relief should also be dismissed.

C. Injunctive Relief

Similarly, the law is clear that injunctive relief is an equitable remedy, not a cause of action, and such request for relief should be dismissed when no substantive legal claims are properly pled. *See Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL 286250, at *9 (S.D.Tex. Jan. 24, 2013); *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D.Tex. Sept. 1, 2011)(where a plaintiff's substantive claims are subject to dismissal on the merits, he cannot establish any likelihood of success on the merits warranting injunctive relief). Because Plaintiff's underlying claim should be dismissed, her request for injunctive relief should be dismissed.

V. Conclusion and Recommendation

The undisputed documentary evidence shows that Plaintiff's claims for breach of contract, declaratory relief and injunctive relief fail as a matter of law. The Magistrate Judge RECOMMENDS that Defendants' Motion for Summary Judgment (Document No.6) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written

objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); Ware v. King, 694 F.2d 89 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal.  See Douglass v. United Serv. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 13th day of March, 2018

Frances H. Stacy
United States Magistrate Judge